IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **MONTRELL GREEN,** | : | **PRISONER HABEAS CORPUS** |
| GDC ID # 1200165, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **WARDEN T. J. CONLEY,** | : | **CIVIL ACTION NO.** |
|     Respondent. | : | 1:17-CV-2079-WSD-AJB |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Petitioner, Montrell Green, confined in Washington State Prison in Davisboro, Georgia, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] The matter is before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. For the reasons stated below, the undersigned **RECOMMENDS** that the petition be **DISMISSED** as impermissibly successive.

**I.    Discussion**

Petitioner challenges his September 15, 2005, Gwinnett County convictions for malice murder, rape, sodomy, burglary, and possession of a knife during the commission of a felony. [*Id.* at 1.] Petitioner previously challenged those convictions in a § 2254 petition that was denied on the merits. *See* Order and Opinion, *Green v.*

AO 72A
(Rev.8/82)

*Williams*, No. 1:12-cv-4025-JEC (N.D. Ga. July 28, 2014) (adopting Final Report and Recommendation of Oct. 1, 2013). In that case, Petitioner did not seek a certificate of appealability from the United States Court of Appeals for the Eleventh Circuit.

Summary dismissal of a habeas petition under Rule 4 is proper when the petition and the attached exhibits plainly reveal that relief is not warranted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face"). Unless the Eleventh Circuit authorizes a second or successive § 2254 petition, the District Court lacks subject matter jurisdiction to consider such a petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Morales v. Fla. Dep't of Corr.*, 346 Fed. Appx. 539, 540 (11th Cir. Sept. 29, 2009) (per curiam) (citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)).

Because Petitioner's previous § 2254 petition was denied on the merits, he must obtain authorization from the Eleventh Circuit for the District Court to consider a second or successive § 2254 petition. Petitioner has failed to obtain the necessary authorization. Therefore, the District Court lacks subject matter jurisdiction to consider the present petition.

AO 72A
(Rev.8/82)

## II. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that the § 2254 petition, [Doc. 1], be **DISMISSED** as impermissibly successive.[1]

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this ___14th___ day of June, 2017.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned offers no recommendation regarding a certificate of appealability because 28 U.S.C. § 2253(c) does not apply to this case. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam) (explaining that (1) dismissal of habeas petition for lack of subject matter jurisdiction is not "a final order in a habeas corpus proceeding" within the meaning of § 2253(c), and (2) Eleventh Circuit has jurisdiction to review dismissal under 28 U.S.C. § 1291).

AO 72A
(Rev.8/82)